No. 91-298

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

FARM CREDIT BANK OF SPOKANE, a corporation,
successor by merger to The Federal Land
Bank of Spokane,

Plaintiff and Respondent,

-vs-

WILLERT MARK FAUTH and PATRICIA ANN FAUTH,
husband and wife; and THOMAS FAUTH AND THERESA
FAUTH, husband and wife,

Defendants and Appellants.

**FILED**

DEC 10 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Seventeenth Judicial
District, In and for the County of Valley,
The Honorable B. W. Thomas, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Matthew W. Knierim; Gallagher, Archambeault &
Knierim, Glasgow, Montana
Robert Hurly, Glasgow, Montana

For Respondent:

Gregory G. Murphy; Moulton, Bellingham, Longo &
Mather, Billings, Montana


Submitted on Briefs: Oct. 24, 1991

Decided: December 10, 1991

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is a foreclosure action brought by Farm Credit Bank of Spokane (Farm Credit) against Willert Mark and Patricia Ann Fauth (Fauths) in the Seventeenth Judicial District Court, Valley County, Montana. The District Court granted summary judgment in favor of Farm Credit. Fauths appeals. We affirm.

We find the following issue determinative:

Did Farm Credit's credit review committee properly review Fauths' restructure application in compliance with the standards of Title 12 U.S.C. § 2202(a)(2)?

November 17, 1982, the Fauths executed a promissory note to the Federal Land Bank of Spokane, a Farm Credit System lender governed by the Agricultural Credit Act of 1987, Title 12 U.S.C. § 2001, et seq. Farm Credit is the successor by merger to Federal Land Bank of Spokane. This note was secured by a mortgage on real property located in Valley County. On February 18, 1988, after failure to make payments, Farm Credit notified the Fauths that the distressed loan might be suitable for restructure under the Agricultural Credit Act. April 5, 1988, the Fauths filed a restructuring application. Tom Schmitt (Schmitt), a bank credit officer, denied the restructure proposal after consulting with the regional credit manager, Dennis Robinson.

Pursuant to Title 12 U.S.C. § 2202(b)(2), the Fauths appealed this denial to Farm Credit's credit review committee. The committee, chaired by Dennis Robinson, denied the Fauths' proposal. Farm Credit then brought action to collect on the note and foreclose on the property.

The Act requires that Farm Credit System lenders consider borrower's restructure proposals. If the proposal is declined, the debtor may appeal this decision to a credit review committee. Title 12 U.S.C. § 2202(a)(2) provides guidelines for credit review committee membership:

> Membership. In no case shall a loan officer involved in the initial decision on a loan serve on the credit review committee when the committee reviews such loan.

The Fauths contended that Robinson was "involved" in the initial denial of their application; thus, Farm Credit violated § 2202(a)(2) when Robinson sat on the credit review committee. 12 U.S.C. § 2202a(b)(3) provides:

> Limitation on foreclosure. No qualified lender may foreclose or continue any foreclosure proceeding with respect to any distressed loan before the lender has completed any pending consideration of the loan for restructuring under this section.

After Farm Credit commenced foreclosure on November 29, 1988, it voluntarily selected a new committee and held a second review of the Fauths' restructure proposal. On November 30, 1989, the Fauths' April 5, 1988 restructuring application was again reviewed and denied.

September 12, 1990, on the Fauths' motion, the District Court dismissed Farm Credit's foreclosure action. Upon motion by Farm Credit, the District Court vacated its prior order on December 4, 1990. It found that § 2202a(b)(3) provided a limitation on enforcement rather than a condition precedent to the foreclosure action. It held that Farm Credit's second credit review committee did cure the prior violation. The court ordered foreclosure on May 13, 1991. The Fauths appeal this judgment.

3

Did Farm Credit's credit review committee properly review Fauths' restructure application in compliance with the standards of Title 12 U.S.C. § 2202(a)(2)?

The Fauths contend that Robinson was involved in the initial denial of the Fauths' application, and therefore Farm Credit violated the restructure procedures mandated by Title 12 U.S.C. § 2202(a)(2) when Robinson chaired the initial review committee. Farm Credit denies impropriety in the membership of the initial credit review committee. In the alternative, Farm Credit contends any defect in the initial process was cured by the bank's second review of the application.

We note that § 2202(a)(2) prohibits "loan officers" who are involved in the initial decision from serving on a credit review committee. Because we conclude that any deficiency in the credit review procedure was corrected by the subsequent committee review, we do not find it necessary to decide whether regional credit manager Robinson could be classed as a "loan officer" for this purpose.

In reaching that decision the committee was required to consider Title 12 U.S.C. § 2202a(d)(1) which in pertinent part provides:

> In general. When a qualified lender receives an application for restructuring from a borrower, the qualified lender shall determine whether or not to restructure the loan, taking into consideration (A) whether the cost to the lender of restructuring the loan is equal to or less than the cost of foreclosure; (B) whether the borrower is applying all income over and above necessary and reasonable living and operating expenses to the payment of primary obligations; . . .

4

The initial credit review committee denied the Fauths' application on the ground that (1) the Fauths' historical cash flow indicated a higher level of income available for debt service; (2) the Fauths were unwilling to pledge available real property as additional security; and (3) the application did not represent the least cost alternative to Farm Credit. The second committee denied the application of April 5, 1988, for the same reasons.

The Fauths contend that Farm Credit acted in bad faith in scheduling the meeting of the second review committee. Because that contention is not supported in any manner by the record, it will not be considered. Next Fauths' contend § 2202a(b)(3), bars Farm Credit from initiating foreclosure proceedings before complying with the restructure procedures. Thus we should dismiss Farm Credit's foreclosure suit which was filed prior to complying with § 2202(a)(2).

Farm Credit contends that § 2202a(b)(3), is a limitation on the enforcement of foreclosure rather than a condition precedent to filing a foreclosure action. Thus dismissal is not required when the court did not order foreclosure until after procedural requirements were met.

Section 2202a(b)(3), in substance provides that no lender "may foreclose or continue any foreclosure proceeding" before the lender has completed any pending consideration of a restructure plan. On April 5, 1988, the Fauths filed their initial restructure application. Loan officer Schmitt denied the restructure proposal and the Fauths' appeal to the credit review committee was denied on September 8, 1988. Farm Credit then commenced foreclosure

5

proceedings on November 29, 1988. As a result of contentions that Robinson's membership in the committee was inappropriate, Farm Credit selected a new committee which completed the second review on November 30, 1989. On December 4, 1990, the District Court concluded that the section provided a limitation on enforcement, that the action of the second review committee cured any violation, and granted Farm Credit's motion for summary judgment. On May 13, 1991, the court ordered foreclosure of the mortgage.

We conclude that the District Court is correct in concluding that this code section did not require dismissal of the foreclosure. The initial committee credit review and the second committee credit review took place prior to the judgment of foreclosure. We therefore conclude there was no violation of Title 12 U.S.C. § 2202a(b)(3), and we agree with the District Court's holding that the second credit review committee cured any existing violation prior to foreclosure.

Finally the Fauths contend that Farm Credit should have considered the facts regarding restructuring as in existence on November 30, 1989, the date of review, rather than limiting review to the April 5, 1988 restructuring application.

In Federal Land Bank of St. Paul v. Asbridge (N.D. 1991), 474 N.W.2d 490, the borrower, in a foreclosure action, requested that the case be remanded in order for Asbridge to file an additional restructuring application with the bank. The North Dakota court denied remand holding that the Agricultural Credit Act did not command interminable efforts at restructuring. Rather, the court affirmed the foreclosure decree concluding that the bank fairly

6

considered and refused Asbridges' restructuring plan under the applicable federal criteria. <u>Asbridge</u>, 474 N.W.2d at 494.

Likewise in this case, Farm Credit refused the Fauths' restructure plan in accordance with the Agricultural Credit Act procedures. Section 2202a(b)(3) as applicable here, prohibited Farm Credit from continuing foreclosure until it had completed "any pending consideration of the loan for restructuring." We conclude that the only pending application for consideration was the restructure application of April 5, 1988. Thus Farm Credit was not required to command interminable efforts at restructuring, consider any revised restructure applications, or consider negotiations subsequent to April 5, 1988.

We hold Farm Credit's review committee properly reviewed Fauths' restructure application in compliance with the standards of Title 12 U.S.C. § 2202(a)(2).

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices